IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ETHEL VENICE POGUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-1782-G (BT) |
| | § | |
| SOUTHWEST CREDIT SYSTEMS, L.P., | § | |
| CHRISTI WILLIAMS, BRIAN | § | |
| ANSWEENEY, MELODY SASSER, and | § | |
| BETHANY CROSS, | § | |
| | § | |
| Defendants. | § | |

## **PRETRIAL SCHEDULING ORDER[1]**

This case was automatically referred under Special Order No. 3-251 to United States Magistrate Judge Rebecca Rutherford for pretrial management. Pursuant to Fed. R. Civ. P. 16(b) and 26, the local civil rules of the District Court (except as modified herein), and the District Court's Civil Justice Expense and Delay Reduction Plan, the Court enters this Pretrial Scheduling Order. Unless otherwise ordered or specified herein, all limitations and requirements of the Federal Rules of Civil Procedure, as amended, must be observed.

1. **Amendment of Pleadings and Joinder of Parties**: Amended pleadings, including amendments joining additional parties, must be filed by **November 30, 2018**. Motions for leave to amend need not be filed so long as the amendment is filed within the deadline set in this paragraph. After November 30, 2018, a party may amend its pleadings only with leave of Court, upon a showing of good cause.

    The deadline to file a response to an amended pleading is 21 days after the date the amended pleading is served, notwithstanding expiration of the amended pleading deadline.

2. **Completion of Discovery**: All fact and expert discovery must be initiated in time to be completed by **February 28, 2019**. This includes

---

[1] The Court has corrected the Defendants' names pursuant to Def.'s Answer (ECF No. 15). The Clerk is directed to make corresponding changes to correct the docket.

>the use of subpoenas to obtain documents from third parties under Fed. R. Civ. P. 45, and the supplementation of discovery responses as required by Fed. R. Civ. P. 26(e). The parties may agree to extend the discovery deadline, provided (1) the extension does not affect the dispositive motion deadline established by this Pretrial Scheduling Order, and (2) the parties give prompt written notice of the extension to the Court.
>
>A party with the burden of proof on a claim or defense must designate expert witnesses by **January 2, 2019**. A party without the burden of proof on an issue, but who wishes to utilize an expert witness, must designate expert witnesses by **January 16, 2019**. The designation of experts must comply with the provisions of Fed. R. Civ. P. 26(a)(2).
>
>The Court encourages the **informal resolution of discovery disputes**. To this end, the parties are directed to schedule a telephone conference with the Court before filing any discovery motion.

3. **Dispositive Motions**: All motions that would dispose of all or any part of this case, including motions for summary judgment, must be filed by **April 1, 2019**. Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, will be considered as dispositive motions and must be filed by the dipositive motion deadline. The deadline for filing dispositive motions will not be modified except upon written motion for good cause shown.

   The Court is aware of a trend today in which fewer cases go to trial, and in which there are generally fewer speaking or "stand-up" opportunities in court, particularly for young lawyers (*i.e.*, lawyers practicing for less than seven years). The Court encourages litigants to be mindful of opportunities for young lawyers to conduct hearings before the Court, particularly for motions where the young lawyer drafted or contributed significantly to the underlying motion or response. In those instances where the Court is inclined to rule on the papers, a representation that the argument would be handled by a young lawyer will weigh in favor of holding a hearing. The Court believes it is crucial to provide substantive speaking opportunities to young lawyers, and that the benefits of doing so will accrue to young lawyers, to clients, and to the profession generally. Thus, the Court encourages all lawyers practicing before it to keep this goal in mind.

4. **Trial:** The District Court will set this case for a **BENCH TRIAL** by separate order after all dispositive motions have been decided.

    The parties may consent to have all further proceedings in this case conducted by Judge Rutherford.  *See* 28 U.S.C. § 636(c). Consent to the authority of the magistrate judge is voluntary. Any party is free to withhold consent without adverse substantive consequences. However, a magistrate judge may often be in the best position to provide a speedy, just, and inexpensive adjudication of a civil case while still preserving the right of direct appeal to the court of appeals. If all parties consent to the authority of the magistrate judge, the case will be reassigned to Judge Rutherford to conduct all further proceedings, including any trial, and the entry of a final judgment, in accordance with 28 U.S.C. § 636(c).

    A Consent form is attached for the parties' convenience. If the parties consent, counsel should complete this form and return it to the district clerk within 20 days from the date of this Order. In lieu of mailing in this form, the parties may utilize the electronic consent option available through PACER: https://ecf.txnd.uscourts.gov/cgi-bin/ShowIndex.pl.

    If all parties do not consent, Judge Rutherford will make findings and recommendations in the case pursuant to 28 U.S.C. § 636(b). The parties retain the right to seek review of the magistrate judge's findings and recommendations in the manner provided by 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure.

5. **Courtesy Copies**: The Court does **not** require courtesy copies of any pleadings, motions, or other documents filed on the docket.

6. **Questions**: Questions relating to this Scheduling Order should be directed to the law clerk, at (214) 753-2412.

    Questions concerning electronic filing procedures should be directed to the ECF Help Desk at (866) 243-2866.

**SO ORDERED.**

September 21, 2018.

                                                      _____
                                                      REBECCA RUTHERFORD
                                                      UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ETHEL VENICE POGUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:18-cv-01782-G (BT) |
| | § | |
| SOUTHWEST CREDIT SYSTEMS, L.P., | § | |
| CHRISTI WILLIAMS, BRIAN | § | |
| ANSWEENEY, MELODY SASSER, and | § | |
| BETHANY CROSS, | § | |
| | § | |
| Defendants. | § | |

## **CONSENT TO PROCEED BEFORE THE MAGISTRATE JUDGE**

In accordance with the provisions of 28 U.S.C. § 636(c), the undersigned (counsel for plaintiff) (counsel for defendant) hereby voluntarily consents to have a United States magistrate judge conduct all further proceedings in this cause, including the entry of a final judgment.

Signed, this ____ day of _____, 2018.

_____
Signature

_____
Printed Name