IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ETHEL VENICE POGUE,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHWEST CREDIT SYSTEMS,<br>L.P., *et al.*,<br><br>    Defendants. | No. 3:18-CV-01782-G (BT) |

## **MEMORANDUM ORDER**

Before the Court is Plaintiff Ethel Pogue's motion for the appointment of counsel (ECF No. 30). For the following reasons, Plaintiff's motion is DENIED.

### **Legal Standard and Analysis**

A plaintiff in a civil action is not entitled to court-appointed counsel as a matter of right. *Lopez v. Reyes*, 692 F.2d 15, 17 (5th Cir. 1982). Rather, the trial court has discretion whether to appoint counsel for an indigent litigant. *See* 28 U.S.C. § 1915(e)(1). The general showing required to warrant appointment of counsel is exceptional circumstances. *United States v. Property Located at 1604 Oceola*, 803 F. Supp. 1194, 1198 (N.D. Tex. 1992) (citing *Branch v. Cole*, 686 F.2d 264, 266 (5th Cir. 1982)). In evaluating whether exceptional circumstances exist, courts in the Fifth Circuit consider: (1) the type and complexity of the case; (2) whether the indigent litigant is capable of adequately presenting his case; (3) whether the indigent litigant is in a position to investigate adequately the case;

and (4) whether the evidence will consist in large part of conflicting testimony so as to require skill in the presentation of evidence and in cross examination. *Ulmer v. Chancellor*, 691 F.2d 209, 213 (5th Cir. 1982).

Pogue's motion fails to set forth any reasons why counsel should be appointed to represent her in this case and certainly does not demonstrate exceptional circumstances. First, although actions under the Americans with Disabilities Act (the "ADA") and the Age Discrimination in Employment Act (the "ADEA") "do tend to be more factually complex, the law in these areas is well-developed . . . ." *Williams v. City of Richardson*, 2018 WL 4269088, at *4 (N.D. Tex. Sept. 7, 2018). Here, the Court has reviewed the record and finds that Pogue's claims under the ADA and ADEA are straightforward and not unduly complicated. Second, Pogue has presented the Court with adequate pleadings and "has been able to articulate her claims and legal theories so that the Court can understand them." *See Moore v. Crescent Med. Ctr.*, 2017 WL 635032, at *3 (N.D. Tex. Feb. 16, 2017). Third, Pogue has not set forth any reason why she cannot adequately investigate her case. In fact, she has named as defendants several individuals, presumably knowledgeable about her alleged mistreatment, and she provided a detailed enough explanation of the facts giving rise to her claims such that the Court is satisfied Pogue could further investigate her case without the assistance of counsel. *See* Pl.'s Am. Compl. 4-5 (ECF No. 22). Fourth and lastly, the Court cannot determine, at such an early stage in the lawsuit, whether the evidence will consist in large part of conflicting testimony. *See*

*Moore*, 2017 WL 635032, at *3 ("The Court is presently unable to ascertain whether the evidence in this case will consist of conflicting testimony so as to require skill in the presentation of evidence and cross-examination. It could. But it is too early to tell, as the Court is not in a position to assess how evidence will be used in this case."). In weighing the relevant factors, the Court finds no exceptional circumstances entitling Pogue to the appointment of counsel.

It is unclear whether Pogue intended to bring claims under Title VII. *See* Pl.'s Am. Compl. 5 (requesting compensatory and punitive damages under Title VII). But assuming she has, the Fifth Circuit has identified three additional factors for consideration in Title VII cases: "(1) the merits of the claims alleged; (2) the party's efforts to retain the services of any attorney; and (3) the party's financial ability." *Williams*, 2018 WL 4269088, at *3 (citing *Neal v. IAM Local Lodge 2386*, 722 F.2d 247, 250 (5th Cir. 1984)). The Court's consideration of these additional factors likewise weighs against appointing Pogue counsel. The Court can hardly discern the merits of Pogue's claims at this pre-evidentiary stage of litigation. *See Williams*, 2018 WL 4269088, at *4 ("[T]his case has not yet reached the evidentiary stage of litigation, and no motions for summary judgment have been filed. The court, therefore, will not comment on whether Plaintiff's claims moving forward are likely to succeed on the merits . . . ."). Here, no defendant has even filed a motion to dismiss, let alone a motion for summary judgment. Next, with respect to her efforts to retain counsel, Pogue avers the following: "I have made online application with Legal Aid Service no help[.]" Pl.'s

Mot. 1. Pogue also states that she attached an affidavit relating to her ability to pay costs and fees; however, the Court found no such affidavit among Pogue's filings, either with her motion for leave to proceed *in forma pauperis* (ECF No. 4) or with her motion to appoint counsel. With only one alleged attempt to retain counsel and without an explanation of *why* she was denied help, Pogue's efforts to retain counsel do not weigh in favor of the Court appointing her an attorney. *See Williams*, 2018 WL 4269088, at *4. Finally, other than Pogue's motion to proceed *in forma pauperis* where she stated she has no income, the record—and particularly Pogue's motion to appoint counsel—is wholly devoid of information describing Pogue's financial abilities to retain counsel. In sum, under both the *Ulmer* factors and the additional Title VII factors, the Court discerns no reason why Pogue cannot adequately prosecute the case on her own. Accordingly, Plaintiff's motion (ECF No. 30) is DENIED.

**SO ORDERED**.

November 21, 2018.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE