IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ETHEL POGUE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:18-cv-01782-G (BT) |
| | § | |
| SOUTHWEST CREDIT SYSTEMS L.P., | § | |
| *et al.*, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is *pro se* Plaintiff Ethel Pogue's "Notice of Motion for Judgement on the Pleadings" (ECF No. 33). Because Plaintiff is not entitled to judgment on the pleadings, her Motion should be DENIED.

Plaintiff brings this employment discrimination lawsuit against Defendants Southwest Credit Systems, L.P., Christi Williams, Brian Answeeney, Melody Sasser, and Bethany Cross, alleging violations of the Americans with Disabilities Act (the "ADA") and the Age Discrimination in Employment Act (the "ADEA"). After Defendants filed their answer to Plaintiff's most recent amended complaint denying they engaged conduct violating the ADA or the ADEA, Plaintiff filed the pending Motion requesting the Court enter judgment in her favor because (1) Defendants' attorneys practice in areas other than employment discrimination, and (2) Defendants served discovery requests on her to which she apparently

objects. Neither of these reasons provides a basis for granting judgment in Plaintiff's favor.

A motion for judgment on the pleadings "is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990) (per curiam) (citations omitted). The standard for deciding a motion under Rule 12(c) is the same as the one for deciding a motion to dismiss under Rule 12(b)(6). *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007); *Hoffman v. L & M Arts*, 2011 WL 3567419, at *4 (N.D. Tex. Aug. 15, 2011), *adopted by* 2018 WL 1122230 (N.D. Tex. Feb. 28, 2018), *aff'd*, 2018 WL 4523159 (5th Cir. Sept. 20, 2018). That is, the court must accept the nonmovant's well-pleaded facts as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312 (5th Cir. 2002) (quoting *Hughes v. The Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). In their answer to Plaintiff's live complaint, Defendants deny that they engaged in any conduct that would violate any of the statutes alleged by Plaintiff. Answer 2, ¶ III (ECF No. 26). Defendants also pleaded several affirmative defenses to Plaintiff's claims. *Id.* 3. Therefore, there are material facts in dispute that preclude a judgment on the pleadings. *Hebert Abstract Co.*, 914 F.3d at 76.

With respect to Plaintiff's asserted grounds for relief, the Court first observes that Defendants' attorneys' areas of expertise have no bearing on the merits of this case or Plaintiff's entitlement to judgment. Second, Defendants are entitled to conduct discovery pursuant to the Court's Pretrial Scheduling Order (ECF No. 20) and the Federal Rules of Civil Procedure. A motion for judgment on the pleadings is not an appropriate vehicle for objecting to discovery.

For the reasons stated, Plaintiff's "Notice of Motion for Judgement on the Pleadings" (ECF No. 33) should be DENIED.

**SIGNED** August 30, 2019.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of

plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).