IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ETHEL VENICE POGUE,

     Plaintiff,

 v.

SOUTHWEST CREDIT SYSTEMS,
L.P., *et al.*,

     Defendants.

No. 3:18-CV-01782-G (BT)

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court in this *pro se* civil action is a Motion for Miscellaneous Relief (ECF No. 64) filed by Defendants Southwest Credit Systems, L.P. (Southwest), Christi Williams, Brian Answeeney, Melody Sasser, and Bethany Cross. The motion points out that Plaintiff has filed a number of documents in this case that Defendants perceive as harassing: (1) a document styled "Affidavit of Fact – Writ of Discovery" (ECF No. 58); (2) a document styled "Notice of Aberment of Jurisdiction – Quo Warranto" (ECF No. 59); (3) a document styled "Notice of Affidavit of UCCI Financing Statement" (ECF No. 60); (4) a document styled "Affidavit of Fact – Notice of Default Judgment" (ECF No. 61); and (5) a document styled "Notice of Removal" (ECF No. 62). Defendants also claim that Plaintiff has made repeated threats against them, including filing false liens against their property, threatening to have their property seized by force, and threatening to

1

have them incarcerated or deported. Def.'s Mot. Misc. Relief 2. Accordingly, Defendants seek an order prohibiting Plaintiff from continuing to engage in such behavior and from filing any documents in this case without first requesting leave to do so. *Id.* at 4. Plaintiff did not respond to the motion.

Courts possess the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *Obama v. United States*, 2010 WL 668847, at *2 (N.D. Tex. Feb. 24, 2010) (quoting *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993)). Included in this inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id.* (citations omitted). *Pro se* litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Hous., N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

To the extent Defendants' motion seeks to prohibit Plaintiff from filing further documents in this case, their motion should be denied. By separate Findings, Conclusion, and Recommendation issued today, the Court has recommended that Defendants' summary judgment motion be granted and Plaintiff's claims against Defendants be dismissed with prejudice. Plaintiff is entitled to file objections to that recommendation. However, with respect to the remainder of Defendants' request, the Court finds that Plaintiff has engaged in vexatious and harassing conduct. Accordingly, the Court recommends that Plaintiff be warned that sanctions may be imposed for future vexatious conduct

considered to be abusive and harassing in nature, such as filing frivolous motions and threatening Defendants and their property.

　　　**SIGNED** October 30, 2019.


＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿＿
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

　　　The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, § 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).